IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN WARD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LEXINGTON INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT LEXINGTON INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, LEXINGTON INSURANCE COMPANY ("Lexington") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

**I.
Factual Background**

1. On March 24, 2016, Plaintiff Stephen Ward ("Plaintiff") filed his lawsuit in Harris County, Texas, seeking a declaratory judgment to enforce the appraisal provision within an insurance contract between Plaintiff and defendant Lexington.

2. Plaintiff served Lexington, through the Texas Department of Insurance, with a copy of the Petition on or about March 29, 2016.

3. Defendant Lexington files this notice of removal within 30 days of receiving Plaintiffs' Original Petition. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

5. As required by 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an index of State Court Documents with attachments including all executed process, pleadings, orders and docket sheet. A list of counsel is attached hereto as Exhibit "B".

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

## II.
## Basis for Removal

6. Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a), 1441(a) and 1446. Plaintiff is a citizen of Missouri. Defendant is incorporated under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

7. The amount in controversy exceeds $75,000, excluding interests and costs. U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). The Court may consider policy limits, penalties, statutory damages, and punitive damages in its analysis of the amount in controversy. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F.Supp.2d 666, 668 (S.D. Tex 1999) (considering DTPA claims and the potential recovery of punitive damages as part of the

amount in controversy). Without specifically alleging a monetary damage, Plaintiff seeks to enforce the appraisal provision of the insurance contract between Plaintiff and Lexington, along with attorneys' fees. The contract between Plaintiff and Lexington, effective October 17, 2008 through October 17, 2009, contained the following limits: Coverage A Limits of $370,000, Coverage B Limits of $37,000, Coverage C limits of $185,000, and Coverage D Limits of $74,000, for the Loss Location at 21912 Kennedy, Galveston, Texas, the property giving rise to the present dispute. *See* Declaration of Jennifer M. Kearns attached hereto.

8. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

9. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

10. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

### III.
### Conclusion

Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Scottsdale hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:   */s/ Jennifer M. Kearns*
     **Jennifer M. Kearns**
     State Bar No. 24049865
     Thompson, Coe, Cousins & Irons, L.L.P.
     701 Brazos, Suite 1500
     Austin, Texas  78701
     Telephone:  (512) 703-5032
     Facsimile:  (512) 708-8777
     jkearns@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
LEXINGTON INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of April, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties in accordance with the Federal Rules of Civil Procedure:

James M. McClenny
Bill L. Voss
Scott G. Hunziker
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
713-861-0015
713-861-0021 Facsimile
james@vosslawfirm.com
bill.voss@vosslawfirm.com
scott@vosslawfirm.com

    /s/ *Jennifer M. Kearns*
    Jennifer M. Kearns